**Allan James BERUBE, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 73-686-AAH.**

United States District Court,
C. D. California.

May 15, 1973.

Allan James Berube, in pro. per.

## ORDER DENYING MOTION TO VACATE AND SET ASIDE SENTENCE PURSUANT TO 28 U.S.C. § 2255

HAUK, District Judge.

The Petitioner, incarcerated at the United States Penitentiary at Marion, Illinois, has filed a Motion pursuant to 28 U.S.C. § 2255. He seeks to attack

a sentence of 10 years with parole eligibility under 18 U.S.C. § 4208(a)(2) imposed by this Court on February 27, 1967, in No. 193—Criminal following his plea of guilty to assaulting Federal Officers in violation of 18 U.S.C. § 111.

Petitioner contends that 2 prior convictions, void under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799 (1963), were used to increase the punishment in violation of the holding in United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). He claims that these convictions were in Texas and Florida and attempts to support his allegations by a copy of a document showing that he was sentenced in Florida "in his own and proper person" to a term of 2 years on October 4, 1960. No other facts are alleged, nor is any evidence offered concerning the Texas conviction. The latter allegations are purely conclusions and unsupported by any facts.

These identical contentions were advanced in a Motion for Modification of Sentence which was denied by this Court on January 29, 1973, for lack of jurisdiction under Rule 35 F.R.Crim.P. An attempted appeal from the Order of Denial was not perfected.

The original file in 193—Criminal shows that at the time of sentence there was an outstanding warrant from Glendale, California, charging a violation of Penal Code § 476a. The record also reveals two separate complaints arising in the Western District of North Carolina charging escape, kidnapping and bank robbery. It is interesting to note that the latter District refused to accept a Rule 20 disposition of their charges.

Petitioner's prior record shows a conviction in Houston, Texas, for which he was given 3 years probation on September 20, 1960. Thereafter, he was convicted and sentenced to prison in Florida in October, 1960, which is apparently the conviction to which he refers in the instant petition. The Texas Court did not, however, revoke his probation.

The presentence report reveals that he was subjected to severe disciplinary action for attempted arson while in the Florida prison. Finally, he was convicted in the United States District Court, Middle District of Florida on December 20, 1963, and paroled to the Western District of North Carolina on November 18, 1966. He escaped on December 27, 1966, and committed the instant offense charged in 193—Criminal on January 7, 1967.

The record of excessive criminality, the existence of numerous outstanding warrants against Petitioner, and the seriousness of the present offense as shown in the details of the presentence report as well as in the colloquy at the time of accepting the guilty plea make it abundantly clear that any alleged infirmity in one Florida sentence as claimed here had no influence on the sentence imposed. The Court so declares.

It must also be noted that the ruling in the *Tucker* case, *supra*, was based on the fact that the invalidity of prior convictions had been determined in collateral proceedings in the State Courts. No such determination has been made in this case, and thus there has been no judicial determination that any priors were, in fact, invalid. Moreover, the *Tucker* ruling was that the District Court was instructed to determine whether the existence of the priors had, in fact, contributed to increasing the severity of the sentence. This Court has determined that they did not.

The Petition, files and records conclusively show that Petitioner is entitled to no relief, and no hearing is necessary or required. 28 U.S.C. § 2255.

It is, therefore, hereby ordered that this Motion pursuant to 28 U.S.C. § 2255 be, and the same is, hereby denied.